## FRED CRAIN v. STATE.

No. A-5765.   Opinion Filed Sept. 7, 1926.
(248 Pac. 879.)

George L. Zink, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The plaintiff in error was convicted on an information which charged him with the unlawful sale of whisky to one Robert Williams, and in accordance with the verdict he was sentenced to be confined for 90 days in the county jail and to pay a fine of $300.   The errors assigned question the sufficiency of evidence to support the verdict.

The complaining witness testified that he met the defendant in the town of Roosevelt, and told him that he wanted to buy a bottle of whisky, and the defendant left, and returned in about five minutes, and delivered to him a bottle of whisky.   A few minutes later he was arrested, and the officers took from him the bottle of whisky.   The defendant took the stand, and denied making the sale, and denied that he was in the town of Roosevelt at the time complaining witness testified the sale was made.   Three or four witnesses testified, in support of the defendant's alibi, that they had left Roosevelt with him about 10 that forenoon, and that they did not return there until about 6 o'clock that evening.   In rebuttal, the officer who arrested the complaining witness testified that he saw the defendant talking to the complaining witness a few minutes before he made the arrest.

It is the settled doctrine in this state that this court will not attempt to determine the weight of the evidence.

It is the function of the jury in the first instance to determine what facts are established, and before a verdict, which has been approved by the trial court on motion for a new trial, can be set aside on appeal on the ground of the insufficiency of the evidence, it must be made to appear that there is no substantial evidence to support the verdict.

No other reason for a reversal of the judgment being urged, and no substantial error appearing in the record, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.